<u>**NOT FOR PUBLICATION**</u>                                    **CASE CLOSED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUDESH MEHTA and VILMA SAMUEL, | |
| | Civil Action No. 04-2551(SDW) |
| Plaintiffs, | |
| v. | |
| FEDERAL HOME LOAN MORTGAGE, JAGDISHWA ARORA, MAZDA FINANCE, EASY MORTGAGE COMPANY, and ANTHONY F. GRALEWSKI, | **OPINION**<br><br>February 28, 2008 |
| Defendants. | |

**WIGENTON, District Judge**

      This matter comes before the Court on a Motion to Vacate the Orders dated June 23, 2005, March 6, 2006, and June 12, 2007. The Motion to Vacate was filed *pro se* by Plaintiffs Sudesh Mehta and Vilma Samuel. The Motion to Vacate is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Motion to Vacate is denied.

**I.  <u>Factual Background</u>**

      Sudesh Mehta and Vilma Samuel (hereinafter collectively, "Plaintiffs") filed the Complaint on April 20, 2004 alleging, among other things, Federal Home Loan Mortgage Corporation's (hereinafter, "Freddie Mac") breach of an agreement to sell a note and mortgage pursuant to a Note Purchase and Sale Agreement (hereinafter, "Agreement"). Plaintiffs failed to close in a timely manner due to the alleged failure of co-Defendants Jagdishswa S. Arora and Mazda Finance Corporation (hereinafter collectively, "Arora") to provide financing.

      On January 11, 2005, Freddie Mac brought a Motion to Dismiss asserting that Plaintiffs

failed to state a claim upon which relief could be granted, in that, the statute of limitations had expired, and that Plaintiffs failed to properly serve Freddie Mac with the Summons and Complaint within the time allotted by Federal Rule of Civil Procedure 4(m).

While that Motion was pending, Judge Mark Falk, U.S.M.J. held many status conferences. Although Judge Falk demanded the personal appearance of Vilma Samuel, the party who signed the Agreement, she never appeared. During these conferences, Plaintiffs and Freddie Mac agreed to a settlement. Plaintiffs' counsel, Kevin Bosworth, Esq. (hereinafter, "Bosworth"), asserted on behalf of his clients that Plaintiffs accepted Freddie Mac's settlement offer of $500.00 in exchange for mutual releases. Thereafter, on June 23, 2005, Judge Dennis Cavanaugh, U.S.D.J. issued an Order (hereinafter, "June 23, 2005 Order") dismissing the action against Freddie Mac as per the parties' settlement. Freddie Mac sent Bosworth a release which he never executed. However, the June 23, 2005 Order took effect as Plaintiffs did not seek to re-open this matter within sixty days as mandated by said Order. On March 6, 2006, Judge Falk issued an Order (hereinafter, "March 6, 2006 Order") granting Bosworth's request to be relieved from the case.

Judge Madeline Cox Arleo, U.S.M.J. held a conference with counsel on November 1, 2006. After this conference, Judge Arleo re-affirmed the June 23, 2005 Order. On February 20, 2007, Plaintiffs requested by letter that the Court either postpone the matter for ninety days or grant a voluntary dismissal. Judge Arleo denied this request in a Letter Order dated March 8, 2007. Judge Arleo stated that this Court would decide the Motion for Summary Judgment filed by Arora which had been pending since December 1, 2006. This Court, by Order dated June 12, 2007 (hereinafter, "June 12, 2007 Order"), dismissed the Complaint against the remaining co-Defendants, as Plaintiffs' claims were time-barred.

## II. Jurisdiction/Venue

The Court has jurisdiction over the present matter pursuant to 12 U.S.C. § 1452(f) which provides that any civil action in a state court to which Freddie Mac is a party may be removed to the United States District Court for the district embracing the place where the action is pending. If the breach of contract claim is made pursuant to either Virginia or New Jersey common law, the Court exercises pendent jurisdiction over it pursuant to 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## III. Discussion

### A. *Pro Se* Standard

A *pro se* litigant gets the benefit of a liberal construction of his complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*Pro se* complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers."). Therefore, the Court will "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999).

Plaintiffs do not support the Motion to Vacate with citations to rules or law. That being said, the Court gives Plaintiffs the benefit of a liberal construction in deciding the Motion to Vacate. As such, these rules may afford Plaintiffs the remedies they seek: Federal Rules of Civil Procedure 59(e), 60(b)(1) (excusable neglect), 60(b)(6) (any other reason that justifies relief), and Federal Rule of Appellate Procedure 4(a).

### B. Rule 59(e) Motion for Reconsideration

Motions for reconsideration must be made within ten days of an order's entry. Fed. R. Civ. P. 59(e). The Motion to Vacate seeks to vacate the June 23, 2005, March 6, 2006, and June 12, 2007

Orders. To the extent that the Motion to Vacate can be construed as a Motion for Reconsideration under Rule 59(e), it is time-barred as it was filed on September 4, 2007.

### C. Rule 60(b)(1) Motion to Vacate for "Excusable Neglect"

The Court may "relieve a party or a party's legal representative from a[n] . . . order . . . for excusable neglect." Fed. R. Civ. P. 60(b)(1). Motions under Rule 60(b)(1) must be made "no more than a year after the entry of the . . . order." Fed. R. Civ. P. 60(c)(1). Plaintiffs are time-barred from vacating the June 23, 2005 and March 6, 2006 Orders, as the Motion to Vacate was filed on September 4, 2007. This leaves the June 12, 2007 Order for analysis.

The determination of excusable neglect is "essentially an equitable one, in which courts are to take in account all relevant circumstances." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 395 (1993). However, litigants are ultimately responsible for the acts of their counsel. *Id.* at 396-97. Here, Plaintiffs complain that Bosworth failed to adequately represent them in this matter and, thus, this case was wrongfully dismissed pursuant to the June 12, 2007 Order. However, the Court is not satisfied that Bosworth's conduct in this matter amounts to excusable neglect.

Bosworth represented Plaintiffs in that he attended many court conferences, submitted motion opposition papers, answered interrogatories on behalf of Plaintiffs, and submitted letters in furtherance of his clients' position. Furthermore, Bosworth maintained a correspondence with Plaintiffs, in which he kept them apprised of the case and his position regarding its merits. When he felt that he could no longer represent them without making frivolous arguments, he requested and was granted his release by Judge Falk. Aside from this, Plaintiffs are ultimately responsible for Bosworth's acts regarding the June 12, 2007 Order. Additionally, the June 12, 2007 Order is correct

on its merits as Plaintiffs were time-barred by the terms of the underlying Agreement.  Therefore, the June 12, 2007 Order is not vacated.

### D. Rule 60(b)(6) Motion to Vacate for "Any Other Reason that Justifies Relief"

The Court may "relieve a party or a party's legal representative from a[n] . . . order . . . for any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Motions under Rule 60(b)(6) "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Rule 60(b)(6) is only meant to apply in cases of extraordinary circumstances.  *Ackermann v. United States*, 340 U.S. 193, 199-200 (1950).

Here, Bosworth represented Plaintiffs in that he attended many court conferences, submitted motion opposition papers, answered interrogatories on behalf of Plaintiffs, and submitted letters in furtherance of his clients' position.  Bosworth was in regular contact with Plaintiffs and pursued the matter until he felt he could no longer do so ethically.  He was then granted his release from the case by Judge Falk.  No extraordinary circumstances exist that warrant relief from the June 23, 2005, March 6, 2006, and June 12, 2007 Orders.  Thus, said Orders are not vacated.

### E. Federal Rule of Appellate Procedure 4(a)

A party must file an appeal within thirty days after an order is entered.  Fed. R. App. P. 4(a)(1)(A).  However, a party can move to extend this period, provided the party "so moves no later than 30 days after the time prescribed in [4(a)(1)(A)]."  Fed. R. App. P. 4(a)(5).  When read in conjunction, these rules provide for a maximum appeal period of sixty days from the entry of an order.  Plaintiffs are time-barred from appealing the June 23, 2005, March 6, 2006, and June 12, 2007 Orders, as the Motion to Vacate was filed on September 4, 2007.

A party may reopen the time to file an appeal for a period of fourteen days, but only if the motion is filed "within 180 days after the order is entered or within 7 days after the moving party

receives notice of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6)(B) (emphasis added). Here, the time to reopen the time to file an appeal the June 23, 2005 and March 6, 2006 Orders has expired given that more than 180 days have passed since their entry. Plaintiffs received the June 12, 2007 Order on August 6, 2007. (Pl.'s Notice of Mot. ¶ 1, Aug. 31, 2007.) Thus, Plaintiffs had until August 13, 2007 to move to reopen the time to file an appeal. To the extent the Motion to Vacate can be construed as a Motion to Reopen the Time to File an Appeal, it is time-barred as it was filed on September 4, 2007.

### F. Plaintiffs' Claims are Time-Barred Under Virginia and New Jersey Law

As provided in the June 12, 2007 Order, Plaintiffs' claims are time-barred. First, Section 17 of the Agreement provides that any claims arising out of the Agreement were to be brought within one year of the date of closing. Pursuant to the Agreement, September 30, 1997 was the last date upon which the closing could have occurred. Accordingly, Plaintiffs are time-barred as they filed the Complaint on April 20, 2004.

Further, the parties stipulated that Virginia law applies to the Agreement. Pursuant to Virginia Statute § 8.01-246(2), the statute of limitations for contracts is five years. Thus, Plaintiffs' claims are time-barred under Virginia law because the Complaint was not filed by September 30, 2002.

Further, if New Jersey law applies, Plaintiffs' claims are time-barred. Under New Jersey law, the statute of limitations for contracts is six years. N.J.S.A. 2A: 14-1. Plaintiffs' claims are time-barred under New Jersey law because the Complaint was not filed by September 30, 2003.

## IV.  Conclusion

For the reasons stated above, the Motion to Vacate is denied.  An Order follows.



**S/Susan D. Wigenton, U.S.D.J.**

cc: Judge Madeline Cox Arleo, U.S.M.J.